UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK



NOEL L. BROWN,
         Plaintiff,

  -against-

CITY OF NEW YORK, STATE OF NEW YORK, POLICE OFFICER ANTHONY KEMPINSKI, SHIELD #26684 and POLICE OFFICER KIM LI, SHIELD #13537 and WILLIAM BRADO, SHIELD #27707 and POLICE OFFICER WILLIAM DOYLE, POLICE OFFICER GRISSEL LACHMAN, AND NEW YORK CITY POLICE DEPARTMENT, DEPARTMENT OF CORRECTIONS FOR CITY OF NEW YORK, NYCD SOCIAL SERVICE SUPERVISOR MS.VUU, NYCD OFFICER SIMON, NYCD OFFICER COVINTON, NYCD OFFICER DAIL, and UNIDENTIFIED NEW YORK CITY POLIC/CORRECTIONS OFFICERS,

         Defendants,

) SECOND AMENDED
) COMPLAINT
) 18-CV-3287 (JPO)
) ( JUDGE OETKEN)(JUDGE PITMAN)
) JURY TRIAL DEMANDED

The plaintiff, complaining of the defendants, by Pro Se, respectfully shows to this Court and alleges;

JURISDICTION

1. Jurisdiction is founded upon the existence of a federal question.

2. This is an action to redress the deprivation under color of statute, ordinance, regulation, custom, or usage of a right, privilege, and immunity secured to plaintiff by the First, Fourth, and Fourteenth Amendments to the Constitution of the United States (42 U.S.C. Section 1983) and arising under the law and statutes of the State of New York.

3. Jurisdiction is founded upon 28 U.S.C. Section 1331, 1343(3) and 1343(4), This being an action authorized by law to redress the deprivation under color of law, statute, ordinance,regulation, custom, and usage of a

right, privilege, and immunity secured to plaintiff by the First, Fourth, 8TH and Fourteenth Amendments to the Constitution of the United States.

4. The plaintiff further invokes this courts supplemental jurisdiction, pursuant to 28 U.S.C. §1367, over any and all state law claims and as against all parties that are so related to claims in this action within the original jurisdiction of this court that they form part of the same case or controversy.

5. The matter in controversy exceeds, exclusive of interest and cost, the sum or value of EIGHTY FIVE MILLION ONE HUNDRED THOUSAND (85,100,000.00) DOLLARS.

## JURY TRIAL DEMANDED

6. Plaintiff demands a trial by jury on each and every one of his claims as pleaded herin.

## VENUE

7. Venue is proper for the United States District Court for the Southern District of New York pursuant to 28 U.S.C. §1391 (a),(b) and (c).

## NOTICE OF CLAIM

8. Plaintiff filed Notice of Claim with the Comptroller of the City of New York relative to his claims for false arrest, malicious prosecution, victim of intentional discrimination, disparate treatment under title V11 of the Civil Rights Act of 1964. Due Process Clause of the Fourteenth Amendment, plaintiff show that he is a member of a racial group capable of being singled out for differential treatment, in combination with the evidence of "Detention short of Arrest, Stop-and-Frisk criminal charges against plaintiff. More than enough time have elapsed since filing of the Notice and Claim, and adjustment or payment thereof has been neglected or refused.

## PARTIES

9. Plaintiff NOEL L. BROWN, is a citizen of the U.S. At the time of the September 6th 2015 incident complaint of herein, plaintiff was a resident

of the State of Florida. Plaintiff is presently a resident of the State of Pennsylvania, Somerset County. The plaintiff is a black male, Ethiopian Rasta, motorcyclist at the time of the incident, and brings this action by Pro Se.

10. Upon information and belief, that at all times hereinafter mentioned, the defendant, CITY OF NEW YORK, was and still is a municipal corporation and existing under and by virtue of the Laws of the State of New York.

11. Upon information and belief, that at all times hereinafter mention, the defendant, CITY OF NEW YORK (NYC), its agents, servants and employees operated, maintained and controlled the NEW YORK CITY POLICE DEPARTMENT (NYPD), and NEW YORK CITY CORRECTIONS DEPARTMENT (NYCD), including all the police officers thereof.

12. Upon information and belief, that at all times hereinafter mentioned, defendants POLICE OFFICERS ANTHONY KEMPINSKI, SHIELD #26684, and KIM LI, SHIELD #13537, and WILLIAM BRADO, SHIELD #27707, and OFFICER WILLIAM DOYLE, OFFICER GRISSEL LACHMAN, were employed by the department, CITY OF NEW YORK, as police officers in City of New York, New York.

13. Upon information and belief, that at all times hereinafter mention, defendants CORRECTIONS OFFICERS MS.VUU, and OFFICER COVINTON, OFFICER DAIL, and UNIDENTIFIED NEW YORK CITY CORRECTIONS OFFICERS were employed by the defendant, CITY OF NEW YORK, as correction officers in City of New York.

14. The defendant, (NYC), is a local government agency, duly formed and operating under and by virtue of the Laws and Constitution of the State of New York and, as such, is responsible for the policies, practices and customs, in particular its September 2015 policy of Stop-and-Frisk, of the NEW YORK CITY POLICE DEPARTMENT. Also as the hiring, screening, training, supervising, controlling and disciplining of its police officers and civilian employees, including all the police officers thereof and that NYC

is vicariously liable for the violation of New York State Tort law by its servants, agents and employees via the principle of respondent superior as at all times relevant all defendants officers were acting for, upon, and in furtherance of the business of their employer and within the scope of their employment.

15. Plaintiff repeats, reiterates and re-alleges this action arises under the United States Constitution, particularly under provisions of the First, Fourth and Fourteenth Amendments of the Constitution of the United States, and under Federal Law, particularly the Civil Rights Act, Title 42 of the United States Code, Section 1983 and the rights under the Constitution and Laws of the State of New York. In particular the Stop-and Frisk, ruled unconstitutional by the Supreme Court.

16. Each and all of the acts of the defendants, alleged herein were done by the defendants, their agents, servants and employees, and each of them not as individuals, but under the color and pretense of the statutes, ordinances, regulations, customs and usages of the State of New York, the City of New York, and under the authority of their office as police officers of said state county and city, particularly detention short of arrest, Stop-and Frisk.

### DEPRIVATION OF RIGHTS UNDER THE UNITED STATES CONSTITUTION AND 42 U.S.C. §1983
### AS AND FOR A FIRST CAUSE OF ACTION

17. The plaintiff repeats, reiterates and re-alleges each and every allegation contained in the prior paragraphs with the same force and effect as if more fully set forth herein.

18. That on September 6, 2015 at or about 2100hrs of and in place of occurrence, vicinity of Delancy Street and Bowery Street near intersection in the county of New York, New York City. Plaintiff was signaled to pull over by defendant police officer Anthony Kempinski, unlawfully forcibly removed plaintiff from his property which was the plaintiffs motorcycle without a warrant. Plaintiff was questioned in regards to ownership of his property, then was accused by the defendant

Kempinski of plaintiff operating a stolen motorcycle in the City of New York.

19. The defendants their agents, servants and employees wrongfully and falsely arrested, threatened, assaulted, imprisoned, searched and detained plaintiff, NOEL BROWN, without any right or grounds therefor.

20. As a direct result of defendants Stop-and-Frisk, and the aggravating taking of plaintiff motorcycle by defendant Kempinski, who rode and resulted in a accident with gross damages, not expeditiously, several hours from the time of plaintiff arrest to transport by riding motorcycle to another location then search hence exceeded plaintiff fourth Amendments bounds, resulted of defendants actions. Plaintiff was deprived of rights, privileges and immunities under the First, Fourth and Fourteenth Amendments of the United States Constitution. Being more particularly plaintiffs rights; To be informed of the nature and cause of the accusation against him as secured to him under the Fourteenth Amendments of the Constitution of the United States, and the right to the equal protection of the laws secured by the Fourteenth Amendment to the Constitution of the United States, to be secure in his person, house, papers, and effects against unreasonable searches and seizures, and to be free of the excessive use of force, not to be deprived of life, liberty, and property without due process of law.

21. That the said assault, detention, arrest and imprisonment were caused by the defendants, their agents, servants and employees, without any warrant or other legal process and without authority of the law and without any reasonable cause or belief that the plaintiff, NOEL BROWN, was in fact guilty of crimes or offenses.

22. That the defendants, their agents, servants and employees acting within the scope of their authority and within the scope of their employment, detained and imprisoned the plaintiff even though the

defendants, their agents, servants and employees, had the opportunity to know or should have known, that the matters herein before alleged, wrongfully, unlawfully and without sufficient charges having been made against the plaintiff, directed that the plaintiff assigned a traffic ticket and be summons to traffic court, at said location, county of New York.

23. That the plaintiff was wholly innocent of said charge and did not contribute in anyway to the conduct of the defendants, their agents, servants and employees, Stop-and Frisk, and was forced by the defendants to submit to the aforesaid arrests and imprisonments thereto entirely against plaintiffs will.

24. That the defendats, their agents, servants and employees, as set forth aforesaid on the Aforementioned date, time and place, intended to Stop-and Frisk on-the-street patting down, detention short of arrest to confine the plaintiff, in that the plaintiff was conscious of the confinement, plaintiff did not consent to the confinement, and that the confinement were not otherwise privileged.

25. That by reason of the assault, false arrest, imprisonment and detention of the plaintiff, and other violations of plaintiffs rights, plaintiff was subjected to emotional distress and was then and there prevented and hindered from performing and transacting his necessary affairs and business, and plaintiff was caused to suffer bodily injury and pain in both mind and body, as well as financially.

26. That by reason of the aforesaid, the plaintiff has been damaged in the sum of FIFTY MILLION (50,000,000.00) DOLLARS and is entitle to an award of punitive damages.

27. Arrest was made without probable cause, a Ethiopian Rasta, with a white female passenger riding a motorcycle, in the County of New York, did not justify an inference of guilt sufficient to generate probable cause. wherefore a search not expeditious declarations should be excluded as the "fruits" of the officers unlawful actions.

## CONSPIRACY

### AS AND FOR A SECOND CAUSE OF ACTION

28. The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

29. By the actions described above, wherein two or more City of New York Police Officers, defendants Anthony Kimpinski, Kim Li, William Doyle, effecting prohibited disguise on the highway, defendants jointly and severally, acting in their individual capacities and under color of law. Conspire and maliciously and willfully entered into an unlawful scheme with then Mayor bloomberg, employed at the Office of the mayor for the City of New York. Conspire for the purpose of depriving, either directly or indirectly plaintiff of the equal protection of the laws, or equal privileges and immunities under the law, or for the purpose of preventing/hindering the constituted authorities of any territory the equal protection of the law, was the direct and proximate cause of injury and damage to the plaintiff and the violation of plaintiff rights as guaranteed by the laws and Constitution of the State of New York.

30. As a result of the forgoing , plaintiff was deprived of his liberty, suffered specific and serious emotional injury and bodily discomfort, great humiliation , loss of property and income, cost and expenses, and was otherwise damage and injured.

## MALICIOUS PROSECUTION

### AS AND FOR A THIRD CAUSE OF ACTION

31. Evidence of the Acquittal of plaintiff by jury in a trial which include matters of public records, one count of aggravated unlicensed operation of a motor vehicle in the third degree Sec 265.03(1)(b). By the action described above, defendants maliciously prosecuted plaintiff without any right or authority to do so. The act conduct of the defendants were the direct and proximate cause of injury and damage to plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York, aided into plaintiffs Acquittal.

# NEGLIGENT HIRING, SCREENING, RETENTION, SUPERVISION AND TRAINING
## AS AND FOR A FOURTH CAUSE OF ACTION IN REGARDS TO
## CITY OF NEW YORK DEPARTMENT OF CORRECTIONS

32.. After arriving at CITY OF NEW YORK DEPARTMENT OF CORRECTIONS. Wherein Plaintiff was placed into the Manhattan Detention Center, (MDC) on November 1st 2017. Plaintiff was taken to medical during the intake, as is custom, and or policy of the department. Plaintiff provided a brief medical history to the medical intake informing the facility of plaintiff use of asthma medications, including all allergies including food allergies.

33. Plaintiff requested a vegan based diet, due to plaintiffs commitment to veganism, because of religious in nature. Plaintiff enjoys his free exercise of Ethiopian Orthodox Rasta religion and considers it central or important to participate in his religious beliefs during his incarceration at the MDC. In denying Plaintiffvegan meals the defendants NYC Department of Correction (DOC) through its agents, employees Capt. Firsov, forced plaintiff to choose between starving or consuming animal proteins. Plaintiff was forced to discard meals provided by the defendant DOC not only for religious reasons, but also for health. Plaintiff is also lactose intolerant among other food allergy's. Plaintiff did not receive a vegan meal until January 11th 2018. Plaintiff was told after receiving that first vegan meal, by Capt. Firsov, plaintiff will not receive another vegan meal until plaintiff once again went to medical sick call, for the purpose of giving blood. Plaintiff was forced to buy excessive amount of commissary in order to not starve.

Plaintiff has made numerous complaints to the NYC 911 civilian complaint division. Plaintiff has also complaint using the DOC grivance, along with numerous oral complaint address to the administration of the MDC facility. In regards to not receiving a religious diet, complaints go unanswered.

# NEGLIGENCE
## AS AND FOR A FIFTH CAUSE OF ACTION

34. On January 17th 2018. NYCD officers at the MDC facility conducted a random search of the plaintiffs housing unit. Plaintiff due the numerous complaints filed by plaintiff, calls to the NYC 911, and grievances to the administration office. Defendants DOC, and its agents, employees intentionally to embarrass plaintiff, by forcing plaintiff to be the only detainee to strip, for the purpose of humiliation, and to record by film, the physical appearance of the plaintiff, due to being forced to starve one self allegedly.

35. Plaintiff is unable to identify by name or shield number, because the search was done with the inmates face to the wall. Furthermore, defendants agents, employees covered all names with protective equipments prior to running down on the unit intentionaly. Plaintiff did report this abuse to the NYC 911 complaint bord. Again no interview was done by the deferndants City of New York, or CITYS Agents the DOC.

36. That by reason of the assault, and the humiliation caused by plaintiff being the only inmate forced to strip search conducted intentionally to harass, and embarrass the plaintiff, and other violations of plaintiffs prisoners rights, plaintiff was subjected to emotional distress and was then and there prevented and hindered from obtaining a prison-provided vegan meal, or the proper from which is needed to grieve, and plaintiff was caused to suffer starvation, bodily injury and pain in both mind and body, as well as financially.

37. That by reason of the CITY OF NEW YORK DOC agents and employees, the plaintiff has been damaged and injured in the sum of THIRTY FIVE MILLION (35,000,000.00) DOLLARS and is entitle to an award of punitive damages.

## AS AND FOR A SIXTH CAUSE OF ACTION

38. On the 14th day of February 2018. while incarcerated at Rikers Island building C74. Plaintiff was transferred from MDC, to Rikers Island due to overflow. Defendants CITY OF NEW YORK DOC agent, employee Officer Covinton, intentionally unconstitutional use of force did while conducting a institution search of the housing area MOD#3, did intentionally take plaintiffs legal papers and placed them in a bag to be thrown as trash. CO. Covinton made plaintiff aware his actions was intentional, and plaintiff is lucky to be able to keep the rest of his legal papers.

39. During the search on 02/14/2018. The defendant through the use of physical forces, plaintiff to allow for drug testing, Plaintiff made it clear of his refusal, plaintiff told Covinton, any non-consensual extraction of his bodily fluids from plaintiff was unreasonable seizure in violation of the plaintiffs Fourth Amendment. Defendant forced plaintiff to render his non-consensual body fluids, by physical force. And therefore plaintiff reported the abuse to NYC 311, complaint # C1-1-1525864676. And And therefore plaintiff brings suit.

40. On February 26th 2018. Defendants NYC DOC CO. Dail, did take plaintiff to the intake area. To intentionally injure, by deliberate indifference, defendant objective was made clear to plaintiff, when defendant Dail, "spoke telling plaintiff to go ahead and report him and DOC to 311 NYC complaint unit, defendant stated my complaint to the CITY 311, does not affect him in anyway, because NYC 311 reports are for those new officers on probation". During plaintiff duration in the intake area plaintiff had allergic reaction to the dust and mold around the cells, plaintiff was unable to request help from CO. Dail, was not listening to repeated cry's for emergency, and plaintiff need for medical attention and medication. Plaintiff suffered block outs, pain, suffering until CO. Dails shift ended at 2300 hours. And therefore plaintiff brings suit.

## CONVERSION

### AS AND FOR A SEVENTH CAUSE OF ACTION

41. The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

42. Through the defendants NYC DOC and their agents, employes actions in causing serious interference with and/or in seriously interfering with, plaintiffs right of possession in his property, and/or in exercising unauthorized possession and/or ownership over plaintiffs property, defendants wrongfully converted plaintiffs property. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiff and violated plaintiff statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

43. The defendant CITY OF NEW YORK, is a municipal entity. CITY OF NEW YORK assumes the risk incidental to the maintenance of a police force and the employment, including the training, retention, supervision, discipline and control of police and correction officers as said risk attaches to the public consumers of the service provided by the NEW YORK CITY POLICE DEPARTMENT.

44. WHEREFORE, as a result of the foregoing, plaintiff was deprived of his liberty, suffered specific and serious emotional injury and bodily discomfort, great humiliation, loss of property and income, cost and expenses, and was otherwise damaged and injured.

THEREFORE, plaintiff demands the following relief jointly and severally against all of the defendants; 1. Compensatory/monetary damage in the sum of EIGHTY FIVE MILLION ($85,000,000.00) DOLLARS.: 2. PUNITIVE DAMAGES: 3. REPLEVIN OF PROPERTY AND/OR THE FAIR MARKET VALUE OF PLAINTIFFS PROPERTY: 4. COST AND INTEREST AND ATTORNEYS FEE: 5. The convening and empanelling of a jury to consider the merits of the claim claims herein; 6. Such other and further relief as this court may deem appropriate and equitable.    SIG: [signature]    Date; MAY 14th 2020.

Smart Communications/PADOC
SCI- SOMERSET
Name NOEL BROWN
Number MW0337
PO Box 33028
St Petersburg FL 33733

TO: UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
500 PEARL STREET, ROOM 230
NEW YORK, NY 10007

PA Department of Corrections
INMATE MAIL

RECEIVED
MAY 28 2020
PRO SE OFFICE

