

**JAMES E. JOHNSON**
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, N.Y. 10007

**ZACHARY KALMBACH**
*Assistant Corporation Counsel*
phone: (212) 356-2322
fax: (212) 356-3509
zkalmbac@law.nyc.gov

June 12, 2020

**VIA EC**
Honorable J. Paul Oetken
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

      Re:    <u>Noel Brown v. City of New York, et al.</u>
               18 Civ. 3287 (JPO) (SLC)

Your Honor:

      I am the attorney assigned to represent defendants the City of New York, Officer Kempinski, Officer Li, and Captain Firsov in the above-referenced matter. Defendants write to respectfully request that the Court: (1) endorse defendants' proposed briefing schedule for their anticipated motion to dismiss the Second Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6); and (2) stay proceedings and adjourn *sine die* all pending deadlines until after adjudication of defendants' motion. Defendants have not sought plaintiff's consent to this request as he is proceeding *pro se* and is currently incarcerated.

      By way of background, plaintiff alleges various federal and state law claims relating to his arrest on September 6, 2015, and subsequent confinement (ECF No. 6). Defendants moved to dismiss the Amended Complaint in its entirety on July 26, 2019 (ECF No. 42). On April 9, 2020, the Court dismissed the Amended Complaint in its entirety, and granted plaintiff leave to amend the Amended Complaint with respect to his federal claims relating to his confinement, and with respect to his equal protection claim arising from his arrest (ECF No. 66). Plaintiff filed the Second Amended Complaint on May 28, 2020 (ECF No. 67). The Second Amended Complaint contains substantially similar allegations as those in the Amended Complaint.[1]

---

[1] The Second Amended Complaint asserts a claim related to legal mail that was dismissed *sua sponte* on September 14, 2018 (ECF No. 8).

**I. Defendants' Anticipated Motion to Dismiss**

As an initial matter, all of plaintiff's claims relating to his arrest for which the Court denied leave to amend must be dismissed because "amendment would be futile." (Id. at 15.) Plaintiff's equal protection claim also fails because plaintiff has not alleged any specific facts to support the claim.

Additionally, plaintiff's denial of vegan meals fails because plaintiff has not alleged the personal involvement of any defendant. The Second Amended Complaint alleges only that Captain Firsov informed plaintiff that he would not receive a vegan meal until he obtained medical clearance (ECF No. 67 at 8). The Court has already held that this allegation is insufficient to state a claim against any of the defendants (ECF No. 66 at 8-9).

Plaintiff has also failed to state a claim with regard to his allegation that he was unconstitutionally strip searched. As the Court held in its April 9, 2020 Order, to support such a claim plaintiff was required to allege specific facts indicating "that the search involved close viewing of his body, that he was subject to repeated opposite-sex viewings, or that the [female officer] touched [him] during the search." (Id. at 10.) Alternatively, plaintiff was required to allege "facts suggesting that the strip search was conducted with the specific intent to humiliate, harass, or abuse him." (Id.) However, the Second Amended Complaint merely contains the conclusive allegation that "the humiliation caused by plaintiff being the only inmate forced to strip search conducted intentionally to harass, and embarrass the plaintiff . . . ." (ECF No. 67 at 9.) As such, the Second Amended Complaint is completely devoid of any factual allegations necessary to state a claim for relief with regard to the alleged strip search.

Plaintiff's claim that he was forced to submit to a drug test also fails to state a claim for relief. The Second Amended Complaint merely alleges that Officer Covinton forced plaintiff to submit to a drug test (See id. at 10). The Court held that this allegation, without more, is insufficient (See ECF No. 66 at 11).

Finally, plaintiff's claim arising out of the alleged denial of food and medication fails for the reasons outlined by the Court in its April 9, 2020 Order (See id. at 11-13). Specifically, plaintiff fails to plead: (1) the personal involvement of any individual defendant; (2) that he was denied treatment for a serious medical condition; or (3) that any of the individual defendants had actual knowledge of his serious medical condition.

For the foregoing reasons, defendants intend to file a fully dispositive motion to dismiss the Second Amended Complaint for failure to state a claim. Defendants respectfully request that the Court endorse the following briefing schedule on its motion to dismiss:

- Defendants shall serve and file their motion papers on or before July 17, 2020;

- Plaintiff shall serve and file his opposition papers on or before August, 17, 2020; and

- Defendants shall serve and file their reply papers, if any, on or before September 7, 2020.

**II. Stay of Proceedings**

Furthermore, because all claims in this case are ripe for dismissal, discovery is not necessary at this stage. As such, defendants respectfully request a stay of proceedings and adjournment *sine die* of all pending deadlines until after the adjudication of defendants' motion.[2] Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, a court has discretion to stay discovery "for good cause." "Good cause may be shown where a party has filed a dispositive motion, the stay is for a short period of time, and the opposing party will not be prejudiced by the stay." Boelter v. Hearst Communs., Inc., No. 15 Civ. 03934 (AT), 2016 U.S. Dist. LEXIS 12322, at *13 (S.D.N.Y. Jan. 28, 2016) (quoting Spencer Trask Software & Info. Servs., LLC v. RPost Int'l Ltd., 02 Civ. 01276 (PKL), 206 F.R.D. 367, 368, 2002 U.S. Dist. LEXIS 6021 at *368 (S.D.N.Y. Apr. 8, 2002) (internal quotations omitted)). In determining whether to stay discovery, the Court should consider: "1) whether the defendant has made a strong showing that the plaintiff's claim is unmeritorious; 2) the breadth of discovery and the burden of responding to it; and 3) the risk of unfair prejudice to the party opposing the stay." Kanowitz v. Broadridge Fin. Solutions Inc., 13 CV 649 (DRH) (AKT), 2014 LEXIS 46518 at *15-*16 (E.D.N.Y. Mar. 31, 2014). Courts in this Circuit "have held that a stay of discovery is appropriate [] where the motion appears to have substantial grounds or[,] stated another way, does not appear to be without foundation in law." Johnson v. N.Y. Univ. Sch. of Educ., 205 F.R.D. 433, 434 (S.D.N.Y. 2002) (internal citations and quotations omitted).

In the instant action, defendants' anticipated motion to dismiss is fully dispositive and, as the stay of discovery would only last for the duration of the Court's consideration of the motion, plaintiff would not be prejudiced by said stay. Furthermore, in light of the fully dispositive nature of defendants' anticipated motion to dismiss, any movement toward discovery would be a waste of the Court and parties' resources. Accordingly, defendants respectfully request that the Court stay proceedings and adjourn *sine die* all pending deadlines until after the adjudication of defendants' anticipated motion to dismiss.

Defendants thank the Court for its consideration in this matter.

Respectfully submitted,

/s/ *Zachary Kalmbach*
Zachary Kalmbach
*Assistant Corporation Counsel*
Special Federal Litigation Division

---

[2] Defendants note that the Court has previously granted defendants' request for a stay pending resolution of their motion to dismiss the Amended Complaint (ECF No. 36).

cc: **VIA Regular Mail**[3]
   Noel Brown
   *Plaintiff* pro se
   Smart Communications/PADOC
   Noel Brown/MW0387
   SCI Somerset
   PO Box 33028
   St Petersburg, FL 33733

> Granted. The moving defendants' proposed briefing schedule is adopted, and discovery in this matter is stayed pending the Court's resolution of the anticipated motion to dismiss.  All existing deadlines and conference dates in this matter are adjourned sine die.
>   So ordered:  6/22/20
> **Counsel for defendants are directed to mail a copy of this order to the plaintiff.**

_____
J. PAUL OETKEN
United States District Judge

---

[3] Due to limitations imposed by the ongoing COVID-19 pandemic, defendants are currently unable to mail this application to plaintiff.  However, defendants will attempt to do so as soon as practicable.