UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NOEL BROWN,
                          Plaintiff,

               -v-

CITY OF NEW YORK et al.,
                        Defendants.

18-CV-3287 (JPO)

ORDER

J. PAUL OETKEN, District Judge:

On April 9, 2020, this Court issued an Opinion and Order dismissing Plaintiff Noel Brown's First Amended Complaint against three police officers, three correction officers, and the City of New York (collectively, "Defendants"). (Dkt. No. 66.) Although the Court concluded that none of Brown's claims, as pleaded, were meritorious, it recognized that Brown may be able to supplement his First Amended Complaint with additional facts and context to make out certain of his claims. Accordingly, the Court afforded Brown leave to amend the claims regarding whether he was discriminatorily policed, was subjected to an unlawful strip search and drug test, was denied meals that accorded with his religious faith, and was denied attention to his medical needs. Concluding that any effort to replead the other claims would be futile, the Court denied Brown leave to replead his false arrest, property deprivation, and *Monell* claims.

Brown, proceeding *pro se*, filed his Second Amended Complaint on May 28, 2020, repleading all of the claims from the First Amended Complaint. (Dkt. No. 67.) On July 17, 2020, Defendants moved to dismiss the Second Amended Complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). (Dkt. No. 70.) For the reasons that follow, Defendants' motion is granted.

1

**I.     Discussion**

In urging dismissal of the Second Amended Complaint, Defendants argue (1) that Brown may not revive or refashion his dismissed false arrest, property deprivation, and *Monell* claims and (2) that Brown's amended pleadings provide no new information and are therefore insufficient.  The Court considers these arguments in turn.

**A.     Leave to Replead Certain Claims**

Defendants emphasize that the Opinion and Order denied Brown leave to amend "with respect to all [] federal claims relating to his arrest [aside from his equal protection claim], all claims against the City of New York, and all state-law claims."  (Dkt. No. 66 at 15.)  In response,[1] Brown attacks the reasoning and holding of the Opinion and Order.  He contends that his false arrest "claims are not barred by HECK," as the Court decided, "but instead enforce[] HECK V. HUMPHREY [512 U.S. 477 (1994)]."  (Dkt. No. 79 ¶ 1.)  He refers to the Court's supposed "error in previously denying plaintiff rights to amend any claims" and suggests that the Court "may have abused its discretion."  (Dkt. No. 79 ¶ 9.)

The Court is not persuaded to depart from the law of the case, as set forth in the Opinion and Order.  "The law of the case doctrine commands that when a court has ruled on an issue, that decision should generally be adhered to by that court in subsequent stages in the same case unless cogent and compelling reasons militate otherwise."  *Johnson v. Holder*, 564 F.3d 95, 99 (2d Cir. 2009) (internal quotation marks and citation omitted).  Brown has not identified a cogent or compelling reason for reconsideration, such as "an intervening change of controlling law, the

---

[1] The Court considers both the arguments made in Brown's initial opposition to the motion to dismiss the Second Amended Complaint and those made in his supplemental opposition.  (*See* Dkt. No. 74; Dkt. No. 79.)  The motion at Docket Number 79, requesting leave to file the supplemental opposition, is granted.

availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *United States v. Tenzer*, 213 F.3d 34, 39 (2d Cir. 2000) (internal quotation marks and citation omitted). He has done no more than log his disagreement with the Opinion and Order's legal conclusions. Abiding by the law of the case, the Court decides that Brown's effort to replead or refashion his false arrest, property deprivation, and *Monell* claims was futile and that these claims must be dismissed.

    B.    **Sufficiency of the Amended Pleadings**

With respect to the claims that Brown could replead, Defendants argue that the Second Amended Complaint provides sparingly few new allegations and fails to cure the deficiencies of the First Amended Complaint. Defendants are correct that, when a plaintiff "fail[s] to provide any additional factual support" for his earlier-dismissed claim, the "claim still fails for largely the same reasons." *Bell v. McRoberts Protective Agency, Inc.*, No. 15-cv-963, 2016 WL 7192083, at *4 (S.D.N.Y. Dec. 12, 2016) (internal quotation marks omitted). Defendants are also correct in their characterization of the Second Amended Complaint.

The Second Amended Complaint either disregards the Opinion and Order or responds to it by adding "conclusory allegations or legal conclusions couched as factual allegations" that the Court is "not required to credit." *Rothstein v. UBS AG*, 708 F.3d 82, 94 (2d Cir. 2013). To illustrate, the Opinion and Order held that Brown's Equal Protection claim alleging discriminatory policing was unsupported by facts indicating that he was "treated differently [from] other similarly situated parties." (Dkt. No. 66 at 5.) In an attempt to address this deficiency, the Second Amended Complaint repeatedly refers to Brown's arrest as the implementation of former New York City Mayor Bloomberg's "Stop-and-Frisk" policy (Dkt. No. 67 ¶¶ 16, 20, 24, 29), which *Floyd v. City of New York* struck down because it "led inevitably to impermissibly targeting blacks and Hispanics for stops and frisks at a higher rate

than similarly situated whites." 959 F. Supp. 2d 540, 590 (S.D.N.Y. 2013).  Brown, who was arrested in 2015, cannot compensate for his failure to plead facts indicating that his arrest was racially motivated by invoking *Floyd*'s analysis of a policy that ended in 2013.  His Equal Protection claim still fails.

Similarly, Brown's claims that he was subjected to an unlawful strip search and was subjected to an unlawful drug test still fail.  The Opinion and Order dismissed the former claim because Brown did "not allege[] any facts suggesting that the strip search was conducted with the specific intent to humiliate, harass, or abuse him."  (Dkt. No. 66 at 10.)  Parroting this standard, the Second Amended Complaint adds that the strip search was conducted "for the purpose of humiliation."  (Dkt. No. 67 ¶ 34.)  But it adds no "specific facts or circumstances supporting this assertion," falling short of what Rule 12(b)(6) requires.  *De Jesus v. Sears, Roebuck & Co., Inc.*, 87 F.3d 65, 70 (2d Cir. 1996).  With respect to the latter claim, the Opinion and Order held that Brown "entirely failed to plead the circumstances surrounding the drug test" and thus could not show that the test had been conducted in an unreasonable manner.  (Dkt. No. 66 at 11.)  Instead of alleging why Brown was subjected to a drug test, how he was forced to submit to the test, or what bodily fluids he was required to provide, the Second Amended Complaint adds that the test was "unreasonable."  (Dkt. No. 67 ¶ 39.)  This conclusory allegation, which merely restates the legal standard, is insufficient.  Brown's Fourth Amendment claims are no stronger in the Second Amended Complaint than they were in the First Amended Complaint, and they are again dismissed.

Finally, the Second Amended Complaint makes no effort to address Brown's earlier failure to allege the personal involvement of the individual defendants, with respect to his claims that he was denied meals that accorded with his religious faith and was denied attention to his

medical needs.  In dismissing these claims in the First Amended Complaint, the Court held that there was "no indication that Captain Firsov, or any other Defendant, had any involvement *in any decision to deny* Brown a vegan meal" or that "Officer Dail, or one of the other Defendants, was somehow responsible *for the denial* of medical treatment."  (Dkt. No. 66 at 8–9, 12 (emphasis added).)  The Second Amended Complaint adds no new facts regarding the individual defendants' conduct.  It does not, for instance, suggest that Captain Firsov created or was in a position to change the requirement that Brown obtain medical clearance before receiving vegan meals.  Nor does it suggest that Officer Dail was responsible for administering Brown's daily medications or for making decisions regarding Brown's allergy treatments.  These claims, too, are dismissed.

## II. Conclusion

For the foregoing reasons, Defendants' motion to dismiss is GRANTED.

The Clerk of Court is directed to close the motions at Docket Numbers 70 and 79 and to close the case.

The Clerk of Court is also directed to mail a copy of this order to the Plaintiff.

SO ORDERED.

Dated: March 31, 2021
       New York, New York

_____
J. PAUL OETKEN
United States District Judge