UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

NOEL L. BROWN,
       Plaintiff,

   -v-

CITY OF NEW YORK, *et al.*,
       Defendants.

18-CV-3287 (JPO)

ORDER

---

J. PAUL OETKEN, District Judge:

  Noel L. Brown, proceeding *pro se*, brought this action asserting various claims arising out of his arrest and confinement. (Dkt. No. 2.) Brown later filed an amended complaint (Dkt. No. 6), and Defendants moved to dismiss the amended complaint for failure to state a claim (Dkt. No. 42). On April 9, 2020, the Court granted Defendants' motion but gave Brown permission to amend his complaint to correct the deficiencies that the Court identified in its Opinion and Order. (Dkt. No. 66.) Brown subsequently filed a second amended complaint. (Dkt. No. 67.) Defendants then moved to dismiss Brown's second amended complaint for failure to state a claim (Dkt. No. 70), and on March 31, 2021, the Court granted Defendants' motion and closed the case (Dkt. No. 81).

  On October 13, 2021, Brown moved to reopen the case and reinstate his second amended complaint. (Dkt. No. 85.) Brown, who is currently incarcerated in Pennsylvania, alleges that the Pennsylvania Department of Corrections requires incoming legal mail to be marked with an Attorney Control Number ("ACN"). Brown asserts that "the District Court Pro Se, Office or Clerk . . . failed to meet Fed. R. Civ. P. 5(b) Service (1) & (2)" because he did not receive certain legal mail relating to Defendants' motion to dismiss his second amended complaint since it lacked an ACN. (Dkt. No. 86 at 1.)

1

Brown moves under Rule 60(b) of the Federal Rules of Civil Procedure. That rule permits a Court to "relieve a party . . . from a final judgment, order, or proceeding" for certain enumerated reasons, Fed. R. Civ. P. 60(b)(1)–(5), or for "any other reason that justifies relief," Fed. R. Civ. P. 60(b)(6).

Brown's motion is without merit. Brown fails to offer any reason why the Court erred in its March 31, 2021 Opinion and Order dismissing his second amended complaint for failing to state a claim. *See Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) (explaining that "reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked — matters, in other words, that might reasonably be expected to alter the conclusion reached by the court"). It is true that Brown previously notified the Court that he did not receive service of Defendants' motion to dismiss his second amended complaint. (Dkt. No. 72.) Before deciding Defendants' motion, however, the Court ordered Defendants to mail a second copy of their motion papers to Brown and extended Brown's time to file his opposition. (Dkt. No. 77.) Brown subsequently filed his opposition on October 5, 2020, in which he acknowledged receipt of Defendants' motion papers (Dkt. No. 79 at 4), and the Court thoroughly considered Brown's submission before issuing its March 31, 2021 Opinion and Order (Dkt. No. 81 at 2 n.1). The Court therefore denies Brown's motion to reopen this case.

* * *

For the foregoing reasons, Brown's motion to reopen is DENIED. The Clerk of Court is directed to close the motion at Docket Number 86.

The Clerk of Court is also directed to mail a copy of this order, the Court's March 31, 2021 Opinion and Order at Docket Number 81, and the Clerk's Judgment at Docket Number 82 to the Plaintiff. The Clerk of Court is directed to contact the Pennsylvania Department of

Corrections and obtain an Attorney Control Number to put on the envelope addressed to the Plaintiff.

    SO ORDERED.

Dated: June 23, 2022
      New York, New York

                                                        _____
                                                               J. PAUL OETKEN
                                                       United States District Judge