UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NOEL L. BROWN,
                          Plaintiffs,

                -v-

CITY OF NEW YORK, *et al.*,
                          Defendants.

18-CV-3287 (JPO)

ORDER

J. PAUL OETKEN, District Judge:

    Noel L. Brown, proceeding *pro se*, brought this action asserting various claims arising out of his arrest and confinement. (ECF No. 2.) This Court subsequently dismissed Brown's first amended complaint and second amended complaint and denied recondition of the latter dismissal. (ECF Nos. 66; 81; 88.)

    Brown filed an appeal to the United States Court of Appeals for the Second Circuit. That court dismissed the appeal on the ground that it "lacks an arguable basis either in law or in fact." (ECF No. 94.) However, the Second Circuit remanded to this Court to clarify that the dismissal of Brown's false-arrest claim was without prejudice in light of *Amaker v. Weiner*, 179 F.3d 48, 52 (2d Cir. 1999), which made clear that such a claim could be reinstated "should plaintiff's conviction be 'expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.'" *Id.* (quoting *Heck v. Humphrey*, 512 U.S. 477, 487 (1994)).

    On remand, this Court entered an amended judgment clarifying that the dismissal of Brown's false-arrest claim was without prejudice in light of *Amaker* and *Heck*. (ECF Nos. 96; 97.)

1

Brown then filed a "motion for reconsideration en banc" (ECF No. 98) and a motion for an extension of time to file a notice of appeal (ECF No. 100).

Brown's motions are without merit because he has not shown any ground for reconsideration or any basis for an appeal. To the extent that he seeks to challenge the underlying dismissal of his claims, the Second Circuit has already dismissed such an appeal on the merits. And to the extent that he seeks to appeal or challenge the amended judgment's clarification that the dismissal of his false arrest claim was without prejudice, he lacks standing for such an appeal because that clarification was in his favor.

Accordingly, Brown's motions are denied.

The Clerk of Court is directed to close the motions at ECF Nos. 98 and 100.

SO ORDERED.

Dated: December 20, 2023
       New York, New York

_____
J. PAUL OETKEN
United States District Judge